UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PURADIGM, LLC, | § | |
| | § | |
|   Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-0216-B |
| | § | |
| DBG GROUP INVESTMENTS, LLC; | § | |
| ACTIVEPURE TECHNOLOGIES, LLC | § | |
| (f/k/a AERUS HOLDINGS); | § | |
| ACTIVEPURE MEDICAL, LLC; | § | |
| AERUS LLC; AERUS FRANCHISING, | § | |
| LLC; ARS HOME SOLUTIONS, LLC; | § | |
| AERUS ENTERPRISE, LLC; | § | |
| VOLLARA, LLC; and VOLLARA | § | |
| CONCEPTS, LLC; | § | |
| | § | |
|   Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Leave to File an Early Motion for Summary Judgment (Doc. 31). The Court held a hearing on the Motion on June 21, 2023. After considering the parties' arguments, the Court finds that Defendants have shown good cause to depart from typical procedure. Accordingly, the Court **GRANTS** the Motion for Leave to File (Doc. 31). Defendants will not, however, be permitted to file an amended early motion for summary judgment. The Clerk of Court is therefore **DIRECTED** to file the proposed summary judgment motion (Doc. 31-1) on the Court's docket as of the date of this Order.

### I.

### BACKGROUND

In their Motion, Defendants contend that an early motion for summary judgment is appropriate in this case because Plaintiff's patent infringement claims can be disposed of without

- 1 -

the need for discovery or ongoing litigation. *See* Doc. 34, Reply, 3. Defendants do, however, clarify that the proposed summary judgment motion "would be in addition to a later summary judgment motion to be filed after claim construction and in accordance with the schedule of the case in the unlikely event the [proposed] motion for summary judgment is denied." Doc. 31, Mot. Leave, 3. Thus, Defendants' request is essentially twofold, as it seeks to file both an "early" summary judgment motion as well as a successive motion if the first motion is denied.

## II.

## LEGAL STANDARD

A.   *Timing of Summary Judgment Motions*

The Federal Rules of Civil Procedure pose no barrier to an "early" motion for summary judgment. Federal Rule of Civil Procedure 56(b) allows a party to file a motion for summary judgment "at any time until 30 days after the close of all discovery." And discovery is not a prerequisite to granting summary judgment. *E.g.*, *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam). Rather, "if a party cannot adequately defend such a motion, Rule 56([d])[1] is his remedy." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

Rule 56(d) provides an alternative to a response in opposition and is "designed to safeguard against a premature or improvident grant of summary judgment." *Id.* (citing 10A Wright, Miller, and Kane, *Federal Practice and Procedure* § 2740 (1983)). The rule allows a party to ask the court to defer disposition or deny the motion if the party lacks the facts necessary to oppose the motion. *See* Fed. R. Civ. P. 56(d). To obtain that relief, however, the non-movant must "present specific facts explaining [its] inability to make a substantive response" and explain

---

[1] Rule 56(f) was recodified as Rule 56(d) without substantial change. *See* Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment.

"how postponement of a ruling on the motion will enable [the non-movant], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Washington*, 901 F.2d at 1285.

B.    *Multiple Summary Judgment Motions*

Local Rule 56.2 does, however, limit a party to one motion for summary judgment "unless otherwise directed by the presiding judge, or permitted by law." N.D. Tex. Civ. R. 56.2.  The decision to allow successive summary judgment motions is within the discretion of the district court. *E.g.*, *Hudson v. Cleco Corp.*, 539 F. App'x 615, 618 (5th Cir. 2013) (per curiam).

### III.

### ANALYSIS

Plaintiff has accused Defendants of infringing, through various products, its U.S. Patent No. 8,585,979 (the "'979 Patent") relating to an air purification device. Defendants seek leave to file an "early" summary judgment motion. *See* Doc. 31, Mot. Leave, 1. But Rule 56 allows a motion for summary judgment to be filed at "any time." Fed. R. Civ. P. 56(b). The real issue, therefore, is whether to allow Defendants to file two summary judgment motions. That decision lies within the discretion of the Court. *See Hudson*, 539 F. App'x at 618; N.D. Tex. Civ. R. 56.2.

Defendants argue that allowing successive summary judgment motions could dispose of significant issues early in the litigation and, in the end, promote judicial efficiency. The Court agrees. Considering the parties' arguments, the Court finds that the Defendants have adequately shown that the "early" motion for summary judgment may benefit the efficient disposition of this matter. Specifically, Defendants identified several legal arguments that could simplify (or ultimately foreclose) Plaintiff's infringement claims without additional discovery. Plaintiff, by contrast, did not demonstrate substantial, necessary discovery that would make such a motion

obviously inefficient for the parties and the Court. *Cf.* Fed. R. Civ. P. 56(d). To be sure, Plaintiff has not yet responded to the underlying motion for summary judgment, and it has every right to seek relief under Rule 56(d). *See* Doc. 32, Resp., 4 n.1. But, based on the information currently available to the Court, the Court finds good cause to deviate from the local rules based on the potential judicial efficiencies to be gained.

Finally, at the end of the hearing, and after the Court orally granted Defendants' Motion for Leave to File, Defendants also requested leave to file an amended motion for summary judgment that would replace the underlying motion on file and purportedly simplify the issues before the Court. That request is **DENIED.** To the extent Defendants wish to simplify or clarify issues before the Court, Defendants may so indicate in any reply brief submitted.

**SO ORDERED.**

**SIGNED: June 23, 2023.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE