IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PURADIGM, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-216-B |
| | § | |
| DBG GROUP INVESTMENTS, LLC; | § | |
| ACTIVEPURE TECHNOLOGIES, LLC | § | |
| (F/K/A AERUS HOLDINGS); | § | |
| ACTIVEPURE MEDICAL, LLC; | § | |
| AERUS LLC; AERUS FRANCHISING, | § | |
| LLC; ARS HOME SOLUTIONS, LLC; | § | |
| AERUS ENTERPRISE, LLC; | § | |
| VOLLARA, LLC; AND VOLLARA | § | |
| CONCEPTS, LLC, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Defendants DBG Group Investments, LLC, ActivePure Technologies, LLC (f/k/a Aerus Holdings), ActivePure Medical, LLC, Aerus LLC, Aerus Franchising, LLC, ARS Home Solutions, LLC, Aerus Enterprise, LLC, Vollara, LLC, and Vollara Concepts, LLC have filed a Motion to Quash a Subpoena. *See* Dkt. No. 56.

Defendants ask the Court to quash the Federal Rule of Civil Procedure 45 subpoena that that Plaintiff Puradigm, LLC served on third party Microchem Laboratory, to enter a protective order under Federal Rule of Civil Procedure 26(c) preventing further third-party discovery in this case without prior leave of the Court, and to enter an order staying all discovery pending resolution of Defendants' Motion for Summary Judgment [Dkt. No. 41]. *See* Dkt. No. 56 at 3.

United States District Judge Jane J. Boyle referred this Motion to Quash a Subpoena to the undersigned United States magistrate judge for hearing, if necessary, and determination under 28 U.S.C. § 636(b). *See* Dkt. No. 57.

Plaintiff Puradigm, LLC filed a response, *see* Dkt. No. 58, and Defendants filed a reply, *see* Dkt. No, 59.

For the reasons explained below, the Court denies Defendants' Motion to Quash a Subpoena [Dkt. No. 56].

## Legal Standards and Analysis

I.    <u>Defendants' request based on their pending Motion for Summary Judgment</u>

Defendants ask the Court to quash the subpoena that Puradigm has served on Microchem, "a third-party service provider that has conducted tests on some of Defendants' photocatalytic cells to test their performance with regard to producing molecules that kill bacteria and other pathogens." Dkt. No 56 at 2. Defendants assert that Puradigm's "subpoena to Microchem should be quashed, a protective order entered requiring Plaintiff to obtain leave prior to conducting further third-party discovery in this case, and an order entered staying discovery pending resolution of Defendants' summary judgment motion." *Id.*

In a Memorandum Opinion and Order entered earlier in this case, Judge Boyle authorized Defendants to file their Motion for Summary Judgment and explained that

> Defendants argue that allowing successive summary judgment motions could dispose of significant issues early in the litigation and, in the end, promote judicial efficiency. The Court agrees. Considering the parties' arguments, the Court finds that the Defendants have adequately shown

that the "early" motion for summary judgment may benefit the efficient disposition of this matter. Specifically, Defendants identified several legal arguments that could simplify (or ultimately foreclose) Plaintiff's infringement claims without additional discovery. Plaintiff, by contrast, did not demonstrate substantial, necessary discovery that would make such a motion obviously inefficient for the parties and the Court. *Cf.* Fed. R. Civ. P. 56(d). To be sure, Plaintiff has not yet responded to the underlying motion for summary judgment, and it has every right to seek relief under Rule 56(d). See Doc. 32, Resp., 4 n.1. But, based on the information currently available to the Court, the Court finds good cause to deviate from the local rules based on the potential judicial efficiencies to be gained.

*Puradigm, LLC v. DBG Grp. Invs., LLC*, No. 3:23-cv-216-B, 2023 WL 4186380, at *2

(N.D. Tex. June 23, 2023).

And so Defendants filed their Motion for Summary Judgment [Dkt. No. 41], to

which Puradigm has responded, *see* Dkt. No. 52, and in support of which Defendants

have filed a reply, *see* Dkt. No. 54.

There are several rules in play on Defendants' request to quash Puradigm's

subpoena and stay discovery pending the Court's deciding the summary judgment

motion and to require leave for further third-party discovery.

As Judge Boyle explained in the earlier Memorandum Opinion and Order,

[t]he Federal Rules of Civil Procedure pose no barrier to an "early" motion for summary judgment. Federal Rule of Civil Procedure 56(b) allows a party to file a motion for summary judgment "at any time until 30 days after the close of all discovery." And discovery is not a prerequisite to granting summary judgment. *E.g.*, *McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam). Rather, "if a party cannot adequately defend such a motion, Rule 56([d]) is his remedy." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).

Rule 56(d) provides an alternative to a response in opposition and is "designed to safeguard against a premature or improvident grant of summary judgment." *Id.* (citing 10A Wright, Miller, and Kane, *Federal Practice and Procedure* § 2740 (1983)). The rule allows a party to ask the

court to defer disposition or deny the motion if the party lacks the facts necessary to oppose the motion. See Fed. R. Civ. P. 56(d). To obtain that relief, however, the non-movant must "present specific facts explaining [its] inability to make a substantive response" and explain "how postponement of a ruling on the motion will enable [the non-movant], by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact." *Washington*, 901 F.2d at 1285.

*Puradigm*, 2023 WL 4186380, at *1 (footnote omitted).

And, as another judge in this district has explained,

"[Rule 56(d)] is an essential ingredient of the federal summary judgment scheme and provides a mechanism for dealing with the problem of premature summary judgment motions." *Parakkavetty v. Indus Int'l, Inc.*, 2004 WL 354317, at *1 (N.D. Tex. Feb. 12, 2004) (Fitzwater, J.) (citing *Owens v. Estate of Erwin*, 968 F. Supp. 320, 322 (N.D. Tex. 1997) (Fitzwater, J.)) (referring to former Rule 56(f), which was replaced by Rule 56(d)). Under Rule 56(d), the court can "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order," provided that the "nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Rule 56(d). Rule 56(d) is "usually invoked when a party claims that it has had insufficient time for discovery or that the relevant facts are in the exclusive control of the opposing party." *See Union City Barge Line, Inc. v. Union Carbide Corp.*, 823 F.2d 129, 136 (5th Cir. 1987) (referring to Rule 56(f)). Rule 56(d) offers relief where the nonmovant has not had a full opportunity to conduct – not to complete – discovery. The two concepts are distinct. *See McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (per curiam) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990)) (rejecting nonmovant's contention that district court abused its discretion by failing to permit him to complete discovery before granting summary judgment, and holding that "Rule 56 does not require that discovery take place before granting summary judgment").

*United States ex rel. Johnson v. Raytheon Co.*, 563 F. Supp. 3d 599, 621 (N.D. Tex. 2021).

Rule 56(d) offers relief where the nonmovant has not had a full opportunity to conduct – not to complete – discovery. The two concepts are distinct. *See McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir.

> 1991) (per curiam) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281,
> 1285 (5th Cir. 1990)) (rejecting nonmovant's contention that district
> court abused its discretion by failing to permit him to complete discovery
> before granting summary judgment, and holding that "Rule 56 does not
> require that discovery take place before granting summary judgment").

*Raytheon Co.*, 563 F. Supp. 3d at 621; *see also Ruiz v. Bank of Am., N.A.*, No. 3:18-cv-2707-L, 2020 WL 2101299, at *12 (N.D. Tex. Apr. 30, 2020) ("The purpose of Rule 56(d), however, is not to permit the opponent of a summary judgment to complete discovery, as 'Rule 56 does not require that discovery take place before granting summary judgment.' *See McCarty v. United States*, 929 F.2d 1085, 1088 (5th Cir. 1991) (citation omitted). Thus, '[i]t not sufficient [for a summary judgment nonmovant] to allege that discovery is incomplete or that [discovery] will produce needed but unspecified facts.' *Id.* at 1088.").

But filing a summary judgment motion does not govern or affect when a party is allowed to begin conducting discovery or for how long it may do so. Rather, as a default rule, the date for the close of discovery dictates the deadline for filing a summary judgment motion: "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b).

And Federal Rule of Civil Procedure "26(d) generally governs the sequencing of discovery unless the Court enters a protective order under Rule 26(c) or another order governing the sequence of conducting discovery under Federal Rule of Civil Procedure 16(b) or 26(d) or the parties make a stipulation under Federal Rule of Civil Procedure 29." *Heller v. City of Dallas*, 303 F.R.D. 466, 493 (N.D. Tex. 2014).

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1). And Federal Rule of Civil Procedure 26(f)(1) dictates that, "[e]xcept in a proceeding exempted from initial disclosure under [Federal Rule of Civil Procedure] 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under [Federal Rule of Civil Procedure] 16(b)." FED. R. CIV. P. 26(f)(1).

Once discovery is authorized by rule, stipulation, or court order or because the parties have conferred as Rule 26(f) requires, "[u]nless the parties stipulate or the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery. FED. R. CIV. P. 26(d)(3).

When a summary judgment motion is filed before the close of discovery, filing that motion "does not automatically stay discovery until the motion is resolved." *Areizaga v. ADW Corp.*, No. 3:14-cv-2899-B, 2016 WL 3536859, at *2 (N.D. Tex. June 28, 2016). And, "while the rules do contemplate allowing discovery before responding to such a motion, ... a stay of all discovery pending a ruling on a motion for summary judgment is the exception rather than the rule." *Id.* "[H]ad the Federal Rules

contemplated that a [summary judgment] would stay discovery, the Rules would contain a provision to that effect." *Id.* (cleaned up).

The Court does have discretion to stay discovery "for good cause shown." FED. R. CIV. P. 26(c)(1). And a "district court has 'broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined.'" *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). For example, "where discovery would not be useful to the resolution of a pending summary judgment motion presenting a question of law, it is not an abuse of discretion to grant" a motion to stay discovery pending the outcome of the summary judgment. *Sapp v. Memorial Hermann Healthcare Sys.*, 406 F. Appx 866, 870 (5th Cir. 2010) (cleaned up).

Against this legal backdrop, Defendants note that Puradigm "did not seek relief under Rule 56(d) in responding to the motion for summary judgment." Dkt. No. 56 at 1-2. And, so, "Defendants' dispositive motion that seeks resolution of all claims in the case has been submitted to the Court for decision." *Id.* at 2. But, although the parties have completed their Rule 26(f) conference, *see* Dkt. No. 29, Defendants also point out that "no discovery deadline has been set in this case due to the Court's decision to entertain Defendants' early summary judgment motion," Dkt. No. 56 at 2.

Based on these premises, Defendants argues that, because "this case is set for disposition on Defendants' fully-briefed summary judgment motion," "at a minimum the subpoena should be quashed, a protective order entered, and an order entered staying all discovery until the pending summary judgment motion is resolved." *Id.*

Taking up first the request to quash, the subpoena at issue requires compliance in Austin, Texas. See Dkt. No. 56-1. And so any Federal Rule of Civil Procedure 45(d)(3) motion to quash – whether filed by a party claiming to have standing to move to quash or by the non-party target of the subpoena – was required to be filed in the United States District Court for the Western District of Texas, as the court in the district where compliance with the subpoena is required. See FED. R. CIV. P. 45(d)(3); *accord CSS, Inc. v. Herrington*, 354 F. Supp. 3d 702 (N.D. Tex. 2017). This Court cannot and will not entertain the Rule 45(d) motion to quash.

But "a party has standing to move for a protective order pursuant to [Federal Rule of Civil Procedure] 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to [Federal Rule of Civil Procedure] 45(d) to bring a motion to quash a third-party subpoena." *Humphries v. Progressive Corp.*, No. 3:20-cv-548-X, 2022 WL 1018404, at *1-*2 (N.D. Tex. Apr. 5, 2022) (cleaned up).

Defendants cannot "seek a protective order on the non-party's behalf" "on the grounds that [the subpoena] unduly burdens the non-party." *Jim S. Adler, P.C. v. McNeil Consultants, LLC*, No. 3:19-cv-2025-K-BN, 2022 WL 1624785, at *2 (N.D. Tex. May 23, 2022) (cleaned up). But, under Rule 26(c)(1),

> a party may appropriately challenge a subpoena as facially overbroad. *See Chaput v. Griffin*, No. 3:14-mc-131-G-BN, 2014 WL 7150247 (N.D. Tex. Dec. 16, 2014). And a party may seek a protective order on the basis of lack of relevance or proportionality as to third-party discovery. *See McKinney/Pearl Rest. Partners, L.P. v. Metro. Life Ins. Co.*, No. 3:14-cv-2498-B, 2016 WL 2609994 (N.D. Tex. May 6, 2016).

> But, "[t]he burden is upon [the party or person seeking the protective order] to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. A protective

-8-

order is warranted in those instances in which the party seeking it demonstrates good cause and a specific need for protection." *MetroPCS v. Thomas*, 327 F.R.D. 600, 611 (N.D. Tex. 2018) (cleaned up). And, "under Fifth Circuit law, the party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable," including "on a [Federal Rule of Civil Procedure] 26(c) motion for a protective order." *Samsung Elecs. Am. Inc. v. Chung*, 325 F.R.D. 578, 593 (N.D. Tex. 2017).

*Humphries*, 2022 WL 1018404, at *2 (cleaned up).

As for Defendants' Rule 26(c)(1) request for a protective order to stay discovery, "[n]o federal rule, statute, or binding case law applies here to automatically stay discovery pending a ruling on a [summary judgment motion] filed before the close of a discovery period." *Areizaga*, 2016 WL 3536859, at *2. And, when authorizing Defendants to file an "early" summary judgment motion, Judge Boyle did not stay or prohibit discovery. *See* Dkt. No. 40.

Still, Defendants assert that "the Court should quash the subpoena to Microchem because it is not necessary to decide the pending fully-briefed motion for summary judgment" and that

> Defendants' pending early motion for summary judgment will likely resolve this case. Whereas briefing is complete on the summary judgment motion, there is no need to conduct *any* discovery in this case until that motion is resolved, much less discovery of third parties such as Microchem. Indeed, Plaintiff did not request *any* discovery pursuant to Rule 56(d) in responding to the motion for summary judgment, despite the Court's express statement that Plaintiff "has every right to seek relief under Rule 56(d)." Dkt. 40, PageId.863. Having failed to request relief under Rule 56(d), and given that briefing on the motion for summary judgment is complete, Plaintiff is not able to obtain or submit any new evidence to defeat the motion for summary judgment. The Court should exercise its discretion and quash the subpoena for this reason alone. *See Fujita*, 416 F. App'x at 402.

Dkt. No. 56 at 5-6.

The Court is not persuaded. As noted above, nothing in the Federal Rules or the Court's orders in this case prohibits Puradigm from seeking discovery from a third party prior to the close of discovery – regardless whether the discovery seeks information or materials that would be relevant to the pending "early" summary judgment motion.

That the requested third-party discovery from Microchem may not relate to what is at issue in that motion would explain why Puradigm did not seek Rule 56(d) relief before filing its summary judgment response. As Puradigm explains, "[t]here is no stay of *any* discovery in this case on *any* issue, and Puradigm is not asking the Court to defer resolution of the pending [summary judgment] motion under Rule 56(d) until Microchem produces the documents. Instead, Puradigm is seeking discovery that goes to a disputed factual issue for trial." Dkt. No. 58 at 7.

And the Court is not persuaded that the pending summary judgment motion – even if it may (or may not) resolve the entire case in Defendants' favor – warrants staying discovery generally or entering a protective order to stay compliance with this subpoena.

"The party seeking a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Charalambopoulos v. Grammer*, No. 3:14-cv-2424-D, 2018 WL 514253, at *1 (N.D. Tex. Jan. 23, 2018) (cleaned up).

As to the subpoena at issue, Puradigm reports that Microchem "has confirmed that it has the [responsive] documents and is ready to produce them." Dkt. No. Dkt.

No. 58 at 6. Puradigm explains that "Microchem had agreed to produce the documents with a custodial declaration that would moot any need for an immediate deposition, eliminating the burden of travel and attendance at a deposition." *Id.* at 10; *see also id.* at 5 ("The third party, Microchem Laboratory, LLC [], has collected the documents and agreed to produce them electronically with no deposition, leaving little to no burden on any party much less Defendants.").

And Puradigm asserts that Defendants' requested stay of discovery at this point would inflict "prejudice to the Plaintiff in delaying the development of its case." *Id.* at 10.

The Court determines that Defendants have not, under the circumstances, shown good cause, much less a clear case, to stay enforcement of this subpoena.

And, in their reply, Defendants back away from their request to stay all discovery, explaining that, "[w]hile Defendants posit that an order staying discovery pending resolution of the summary judgment motion currently before the Court would be appropriate, Plaintiff's argument concerning a 'stay' is irrelevant to whether the third-party subpoena at issue in the motion should be quashed." Dkt. No. 59 at 1; *see also id.* at 3 ("Plaintiff argues that the Motion to Quash should be denied because 'A Stay Is the Exception, Not the Rule' and 'there is no compelling reason to make an exception now.' Dkt. 58, PageID.1995. This argument is irrelevant and fails to rebut Defendants' showing of good cause to quash the third-party subpoena." (footnote omitted)).

But Defendants then argue that Puradigm's "response is based on the false

-11-

premise that the pending summary judgment motion is likely to be denied and that this case will go to trial" and that "[t]his assumption directly contradicts the Court's findings in granting Defendants permission to depart from the usual procedure for patent cases and file an early motion for summary judgment." *Id.* at 2. Defendants assert that Puradigm's

> response mistakenly presumes that this case is likely to proceed beyond the pending Summary Judgment Motion. This presumption goes directly against the Court's findings to date. In granting Defendants leave to file the early Summary Judgment Motion (a copy of which was attached to the Motion for Leave), the Court found "good cause to deviate from the local rules based on the potential judicial efficiencies to be gained." Dkt. 40, PageID.863. Additionally, the Court found that Plaintiff "did not demonstrate substantial, necessary discovery that would make such a motion [for summary judgment] obviously inefficient for the parties and the Court." Id. at PageID.862 – 63. Thus, the Court implicitly found that Defendants' Summary Judgment Motion is more likely to succeed than not. Consequently, Plaintiff's arguments based on the assumption that the case will proceed beyond the pending summary judgment are unpersuasive. In the unlikely event that the case does proceed, Plaintiff may conduct appropriate discovery at that juncture, including renewing the third-party subpoena if it determines that Defendants' production of product testing is incomplete.

Dkt. No. 56 at 5-6.

But the Court did not, when granting leave to file an "early" motion (or, really, what may be the first of two summary judgment motions), predict that Defendants would prevail on summary judgment. *See* Dkt. No. 40.

The Court cannot now make that leap from the Court's finding "that the Defendants have adequately shown that the 'early' motion for summary judgment may benefit the efficient disposition of this matter" where "Defendants identified several legal arguments that could simplify (or ultimately foreclose) Plaintiff's

infringement claims without additional discovery." Dkt. No. 40 at 3.

Neither did the Court address whether discovery should be stayed or limited pending the "early" summary judgment motion's decision.

Rather, Judge Boyle explained that:

- "Defendants' request is essentially twofold, as it seeks to file both an 'early' summary judgment motion as well as a successive motion if the first motion is denied";

- "The Federal Rules of Civil Procedure pose no barrier to an 'early' motion for summary judgment";

- "Local Rule 56.2 does, however, limit a party to one motion for summary judgment 'unless otherwise directed by the presiding judge, or permitted by law'"; and

- "The real issue, therefore, is whether to allow Defendants to file two summary judgment motions."

*Puradigm*, 2023 WL 4186380, at *1-*2 (cleaned up).

And so the Court cannot accept Defendants' contention that "this case is [] exceptional and [warrants] a stay of all discovery pending resolution of the Summary Judgment Motion that has been submitted to the Court for decision" because "[a]llowing discovery to move forward prior to a ruling on that dispositive motion would largely eviscerate the 'judicial efficiencies' to be gained by the pending Summary Judgment Motion" and "a stay of discovery is warranted in addition to an order quashing the subpoena." Dkt. No. 59 at 3 n.2.

II.    <u>Defendants' request based on alleged lack of relevance</u>

Defendants also assert that "the subpoena to Microchem should be quashed and a protective order entered because the information Plaintiff seeks to obtain concerning the performance of Defendants' photocatalytic cells is not relevant to any claim or defense in this case." Dkt. No. 56 at 2.

Having carefully considered the parties' argument, the Court is persuaded that Puradigm correctly assesses the parties' disagreements regarding the relevance of the requested material as a difference of opinion as to what a fact finder can reasonably infer that should not be resolved at the discovery stage. *Cf. Randstad Gen. Ptr. (US), LLC v. Beacon Hill Staffing Group, LLC*, No. 3:20-cv-2814-N-BN, 2021 WL 4319673, at *1 (N.D. Tex. Sept. 23, 2021) (explaining that "the Court will not engage in a preemptive merits analysis to determine whether [Plaintiff] is entitled to discovery on the claim that it has pleaded and is pursuing" and "a party cannot refuse to engage in – and should not be excused from being subjected to – discovery simply because the discovery is relevant to a claim on which the resisting party believes that he will or should prevail" (cleaned up)).

Whether Puradigm "will ultimately prevail is not the test for determining if it is entitled to discovery and [it] need not make that showing here" – and Defendants "cannot use a motion for protective order to obtain a dispositive ruling depriving [Puradigm] of any discovery concerning" the case it seeks to present at trial through circumstantial evidence. *Cagle v. United Surgical Partners Int'l Inc.*, No. 3:20-cv-1681-BN, 2021 WL 3710565, at *7 (N.D. Tex. Aug. 18, 2021).

And neither have Defendants persuasively demonstrated that discovery of the requested materials is not proportional to the needs of the case.

III.     Defendants' request based on availability of materials from Defendants

Defendants finally argue that, "to the extent that tests conducted on the performance of Defendants' photocatalytic cells is relevant to this case, those tests are available through Defendants. Thus, the subpoena to third party Microchem should be quashed and Plaintiff required to first seek the discovery from Defendants (once the summary judgment motion has been resolved)." Dkt. No. 56 at 2-3.

Understood as a motion for a Rule 26(c)(1) protective order, this request is implicitly grounded in an assertion of undue burden to Microchem. And, as explained above, Defendants do not have standing to seek a protective order on Microchem's behalf on those grounds. *See Adler*, 2022 WL 1624785, at *2.

Insofar as Defendants argue that "the documents requested contain Defendants' highly confidential information concerning their research and development efforts" and, if they "are to be produced at all, [] should be produced by Defendants who can assure that they are properly designated under the Protective Order in this case, not by a third party," Dkt. No. 59 at 5-6, the Court is not persuaded. The Court's Protective Order [Dkt. No. 36] – and the cooperation that the parties' counsel should exercise in ensuring that its confidentiality-based protections are properly adhered to – will accommodate Defendants' concern.

Finally, the Court determines that, under Federal Rules of Civil Procedure 37(a)(5) and 26(c)(3), the parties will bear their own expenses, including attorneys'

fees, in connection with this Rule 26(c)(1) motion for a protective order.

### Conclusion

The Court denies Defendants' Motion to Quash a Subpoena [Dkt. No. 56].

SO ORDERED.

DATED: October 18, 2023

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE